# CRIMINAL CASES.

## Richmond

## EDWARD AGOSTINI V. COMMONWEALTH.

### March 15, 1923.

### Absent, Burks, J.

1. ASSAULT AND BATTERY—*Exclusion of Evidence—Authority of Defendant Over Party Assaulted—Case at Bar.*—In the instant case, a prosecution for assault, accused complained of the action of the court in refusing to allow him to testify that he, as general foreman, had authority to direct the work and give orders to all workmen, of whom the complaining witness was one, and at the time of the difficulty as such general foreman had approached the complaining witness concerning the correction of a mistake in his work. The issues involved were whether accused struck the complaining witness, and, if so, was he acting in self-defense. The testimony of accused admitted by the court tended to show that he struck the complaining witness in self-defense; that he was employed as general foreman and had approached the complaining witness to correct a mistake in his work; and had the jury believed this testimony, they would probably have acquitted him.

   *Held:* That in view of the testimony that accused was permitted to give, he was not prejudiced by the rejection of the testimony.

2. ASSAULT AND BATTERY—*Exclusion of Evidence—Authority of Defendant Over Party Assaulted—Case at Bar.*—In a prosecution for assault and battery, where the alleged assault was committed upon an employee of a subcontractor by the general foreman of the general contractor, whose defense was self-defense, the refusal of the court to permit the introduction in evidence of the contract between the general contractor and subcontractors requiring the general contractor to provide a foreman to supervise the work, and rendering the general con-

tractor responsible for mistakes of the subcontractors, was not error, where it was nowhere contended that accused had not a lawful right to be where he was at the time of the assault, or that he approached complaining witness in an unlawful manner.

3.  TRIAL—*Remarks of Judge—Harmless Error.*—In the instant case, a prosecution for assault, accused complained of the following remark made by the court while ruling on the admissibility of the evidence, and not addressed to or intended to influence the jury: "It makes no difference what was the relation of the parties, no person has a right to hit another with a brick, if the accused did hit him, and I do not mean to say that he did use a brick."

    *Held:*  That while the remark was improper, and should not have been made in the presence of the jury, the error was not such as to warrant a reversal.

4.  ASSAULT AND BATTERY—*Self-Defense—Instructions—Repetition.*—In a prosecution for assault and battery, where the trial court had given, at the request of the accused, an instruction fairly and fully presenting to the jury the accused's theory of self-defense, it was not error to refuse to give another instruction for accused upon the question of self-defense.

5.  ASSAULT AND BATTERY—*Self-Defense—Conflicting Evidence—Evidence Sufficient to Support Verdict of Guilty.*—In a prosecution for assault, evidence for the Commonwealth tended to show that accused, when the complaining witness, after an altercation, turned his back and started to work, jumped upon the complaining witness and struck and beat him.   On the other hand, the testimony of the accused, corroborated by two other witnesses, tended to show that accused acted in self-defense.

    *Held:*  That with this conflict in the evidence, the credibility of the witnesses was a question for the jury; that there was evidence to support their verdict of guilty, and that it could not be disturbed.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*W. H. Starkey* and *John M. Arnold*, for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

We are asked to review a judgment against Edward Agostini who, upon an indictment for malicious assault with intent to kill John A. Kelly, was convicted of simple assault and sentenced to pay a fine of five hundred dollars.

The difficulty between the parties occurred at the corner of the Boulevard and Shirley avenue in the city of Norfolk, where the accused and Kelly were employed, respectively, as general foreman and workman in the construction of a new building.

The accused relies on five assignments of error.

First Assignment. He complains of the action of the court in refusing to permit him to testify that he, as general foreman, had the authority, and was required under the contract with subcontractors, to supervise the work and give orders to all workmen employed on the job; and that as such general foreman he approached Kelly concerning the correction of a mistake in his work.

The record shows the accused was permitted to testify that he was employed by Agostini Bros., Inc., as general foreman in charge of the erection of the building; that while overlooking the work he saw Kelly setting a stone in the door of the main entrance to the building and told him not to set the stone until the door frame had been placed; that Kelly insisted the setting of the stone would not interfere with the placing of the frame, and went ahead with the work; that the accused then said to Kelly, "I am the foreman of this job and you must not set the stone until the door frame is ready," to which Kelly replied, "* * to hell with you," and raised his hand in which he held a stonemason's trowel, and made a motion to strike the accused with the trowel; that he thought Kelly was going to strike him with the trowel,

and to save himself, rushed in on Kelly and, in attempting to grab him, threw him backwards, both going down together.

The issues involved were whether the accused struck Kelly and, if so, was he acting in self-defense.

His right of self-defense depended upon the attitude and conduct of Kelly immediately preceding the moment the accused laid his hands upon him. Had the jury believed the testimony of the accused, recited above, they would probably have acquitted him on the ground that he was acting in self-defense. In view of the testimony which the accused was permitted to give, it is clear that he was not prejudiced by the refusal of the court to permit him to testify to the exact facts referred to in this assignment. The assignment is without merit.

[2] Second Assignment. The accused bases his second assignment of error on the action of the court in refusing to allow him to introduce in evidence the signed contract between the general contractor and the subcontractors by whom Kelly was employed. The parts of the contract which he desired to introduce in evidence were two provisions requiring the general contractor to give his special attention to the work, or provide a foreman to supervise the work of the various subcontractors, to see that they followed the plans and specifications, and requiring the general contractor to be responsible for any mistake made by the subcontractors. His object in introducing this contract was to get before the jury practically the same facts which the court had refused to allow him to testify to as a witness in the case. It is contended that this evidence would show the intent and motive of the accused in approaching Kelly, and that in so doing he was engaged in a lawful act.

It is nowhere contended that he had no lawful right to be there, nor is there any evidence tending to show that he came up to Kelly in an unlawful manner.

For reasons assigned in disposing of the first assignment of error, this assignment is without merit.

[3] Third Assignment.   The accused complains of the action of the judge of the trial court in making the following remark within the hearing of the jury:

"It makes no difference what was the relation of the parties, no person has a right to hit another with a brick, if the accused did hit him, and I do not mean to say that he did use a brick."

This remark was made when the court was ruling on the admissibility of the contract evidence and was not addressed to or intended to influence the jury.   While the remark was improper and should not have been made in the presence of the jury, the error was not such as to warrant us in disturbing their verdict.

This assignment is likewise without merit.

[4] Fourth Assignment.   This assignment of error is to the action of the court in refusing to give the following instruction:

"If you believe from the evidence that the defendant was in charge of constructing a building, upon which said building J. Kelly was employed as a workman and that the defendant saw the said J. Kelly engaged in work which to the defendant did not appear proper, then the defendant had a lawful right to speak to the said J. Kelly and instruct him concerning the work in question; and if you further believe from the evidence, that the defendant so spoke to the said J. Kelly in a proper and lawful manner and that the said J. Kelly replied by cursing, or using insulting language to the defendant and made threatening motions with a stone or brick trowel, or any tool with which a bodily injury could be inflicted, and that the defendant reasonably apprehended that the said J. Kelly would do him bodily harm, then you are instructed that the defend-

ant was not compelled to retreat from the said J. Kelly, but might, in his turn, become the assailant, use all force he deemed necessary and inflict bodily wounds until his person was out of danger, if you so find from the evidence, you should find the defendant not guilty.''

The court had already given, at the request of the accused, the following instruction:

1 D. "The court instructs the jury that the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with the intent to alarm or strike another under circumstances calculated to effect that object is an assault, and if you believe from the evidence that J. Kelly had in his hand a dangerous weapon, or semblance thereof, that he angrily cursed the defendant and acted in a threatening manner, then the defendant was assaulted and had a right to use all force reasonably necessary to repel said assault; he was not compelled to retreat from the said J. Kelly, but might in his turn become the assailant.''

A discussion of these instructions in detail would be unprofitable, since it is clear that instruction 1-D fairly and fully presented to the jury the accused's theory of self-defense. It follows that the court did not err in refusing to give the instruction asked for, and that this assignment is also without merit.

[5] Fifth Assignment. The fifth assignment of error is that the verdict of the jury is contrary to the law and the evidence.

The facts appearing in the Commonwealth's evidence are substantially these:

Kelly was an employee of a subcontrator. When the accused came up, Kelly was standing in a ditch-like excavation about eighteen inches deep, setting the stones around the front door of the building. When Kelly said, "To hell with you," and turned his back and

Agostini *v.* Commonwealth, 136 Va. 658.

started to work, the accused jumped on him, beat him with his fists, and struck him on the head with a brick, and so cut his head on the left side above the ear that it required five stitches to close the wound; that Kelly got up and knocked the accused down and went on him and had to be pulled off; that thereupon the accused ran into the building, secured a hatchet and came out saying, "I will kill the son of a b—— if I get him."

The accused, in addition to his testimony above stated, testified that at the time of the trouble, Kelly was facing him; that behind Kelly was a brick wall about six feet high, with a step-down rough brick edge about four and a half feet high; that in order to protect himself from the trowel in the hand of Kelly, he rushed in on him, and Kelly, being thrown backwards, struck his head on the rough edge of the bricks, which caused the cut and the wound; that he did not strike Kelly with a brick or any other weapon, and that all he did was in self-defense.

Two other witnesses corroborated in all material respects the testimony of the accused as to how Kelly received his wound. With this conflict in the evidence, the credibility of the witnesses was a question for the jury. There was evidence to support their verdict and we cannot disturb it.

The judgment will be affirmed.

*Affirmed.*