COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
           Bumgardner
Argued at Alexandria, Virginia


PAUL E. ALLEN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0584-97-4      JUDGE ROSEMARIE ANNUNZIATA
                                       FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                   Carleton Penn, Judge Designate

          Elwood Earl Sanders, Jr., Director
          Capital/Appellate Services (Public Defender
          Commission, on briefs), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.



     Paul E. Allen (appellant) appeals his conviction for

brandishing a firearm on the basis that the court improperly

instructed the jury on the burden of proof for his claim of

self-defense.  Finding no error, we affirm.

     The facts which are material to the issue on appeal follow.

Paul Sweeny (Paul) held a note on appellant's house and

foreclosed on the note when appellant fell substantially behind

in the payments.  Paul gave appellant notice to vacate the house,

and went to inspect the house with his brother, Charles Sweeny

(Charles), and a friend, Dale Toler, on February 8, 1996.  In the

course of trying to conduct the inspection of the house,

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appellant pulled out a handgun and pointed the gun at Paul, Charles and Toler, and the three fled in their vehicles. Appellant was charged with brandishing a firearm in violation of Code § 18.2-282.

Appellant advanced a defense of self-defense at trial. He testified that before Paul and Toler arrived at the house, Charles approached him with a knife-like object, told him, "I'm your worst nightmare," and threatened to mutilate him. Appellant testified that Paul and Toler arrived at the house in a vehicle and that he told them to leave. Appellant stated that he grabbed a plastic toy pistol from his car and scared Paul, Charles and Toler away with it. Appellant stated that the incident left him "terrified."

The court instructed the jury to consider the instructions as a whole. It also instructed the jury that they should return a verdict of not guilty unless the Commonwealth proved each element of the crime beyond a reasonable doubt and that, "There's no burden on the Defendant to produce any evidence." The court also instructed the jury on the law of self-defense:

> If you believe from the evidence that the Defendant was without fault in provoking or bringing on the difficulty and that the Defendant reasonably feared under the circumstances as they appeared to him that he was in danger of harm, then the Defendant had the right to use such force as was reasonably necessary to protect himself from threatened harm.
> If you further believe that the Defendant used no more force than was reasonably necessary to protect himself from the threatened harm, then you shall find the

Defendant not guilty.

Appellant asked the court to provide the following instruction to the jury:

> In relying on a plea of self-defense, there is no burden upon Mr. Allen to establish such a defense beyond a reasonable doubt, nor even by the greater weight of the evidence. If after having considered all the evidence, you entertain a reasonable doubt whether or not Mr. Allen acted in self-defense, you must find him not guilty.

The court refused to give the proffered instruction. The jury returned a verdict of guilty.

Appellant contends that the trial court erred in failing to instruct the jury that he bore no burden to prove self-defense by a preponderance of the evidence. "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

Where the evidence supports the theories of both the defense and the Commonwealth, "the trial judge is required to give requested instructions covering both theories." Diffendal v. Commonwealth, 8 Va. App. 417, 422, 382 S.E.2d 24, 26 (1989) (citing Jackson v. Commonwealth, 96 Va. 107, 114, 30 S.E. 452, 454 (1898)). In accordance with this well established principle, the trial court properly instructed the jury on appellant's

3

theory of self-defense.  In asserting a defense of self-defense, a defendant has no burden to prove self-defense beyond a reasonable doubt or even by a preponderance of the evidence. Hale v. Commonwealth, 165 Va. 808, 814, 183 S.E. 180, 183 (1936). Rather, a defendant merely "assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors."  McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).

As the court instructed the jury, the jury must "consider the instructions as a whole and in the light of the evidence applicable to the issues presented."  Rollston v. Commonwealth, 11 Va. App. 535, 541, 399 S.E.2d 823, 826 (1991).  Before instructing the jury on the law of self-defense, the court specifically instructed the jury that, "There's no burden on the Defendant to produce any evidence."  It also instructed the jury on the presumption of innocence and the Commonwealth's burden to prove each element of the crime beyond a reasonable doubt. Because the trial court correctly instructed the jury on the precise principle of law requested by the defendant, it properly refused to give a second instruction on the same principle. Wilson v. Commonwealth, 25 Va. App. 263, 275, 487 S.E.2d 857, 863 (1997) (citing Cirios v. Commonwealth, 7 Va. App. 292, 303-04, 373 S.E.2d 164, 170 (1988)); Diffendal, 8 Va. App. at 423, 382 S.E.2d at 27 (citing Agostini v. Commonwealth, 136 Va. 658, 663, 116 S.E. 384, 385 (1923)).  Therefore, we affirm appellant's

4

conviction.

                                        <u>Affirmed.</u>