Richmond

OPAL MARIE HALE McGHEE

v.

COMMONWEALTH OF VIRGINIA

November 22, 1978.

Record No. 780214.

Present: All the Justices.

*John L. Gregory, III (Young, Kiser, Haskins, Mann, Gregory & Young, Ltd.,* on brief), for appellant.

*James T. Moore, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.*

HARRISON, J., delivered the opinion of the Court.

Opal Marie Hale McGhee was convicted of murder in the second degree and of the use of a firearm in the commission of a felony. The sole basis of her appeal is that the court below erred in refusing to grant an instruction which would have placed on the Commonwealth the burden to prove beyond all reasonable doubt that the defendant did not act in self-defense.

It is not controverted that a defendant need only sustain a plea of self-defense to the point where the evidence in support thereof, when considered along with all other evidence produced in the case, raises a reasonable doubt in the minds of the jurors regarding the guilt of the accused. *Jones* v. *Commonwealth*, 187 Va. 133, 45 S.E. 2d 908 (1948); *Lamb* v. *Commonwealth*, 141 Va. 481, 126 S.E. 3 (1925). However, in this case defendant argues that the Commonwealth has the burden of disproving beyond all reasonable doubt the defendant's affirmative plea of self-defense.

Counsel for defendant cites in support of his argument *Martin* v. *Commonwealth*, 218 Va. 4, 235 S.E.2d 304 (1977). There, the defendant was found guilty of second degree murder. He claimed that his shooting of the victim was an accident. We reversed because in none of the instructions granted by the trial court was the jury told that the burden was upon the Commonwealth to prove the killing was not accidental. We concluded that the jury's verdict may have resulted from the mistaken belief that the burden was upon the defendant to prove the killing was an accident.

It can be safely said that in Virginia there is no principle more firmly imbedded in the body of the law, or one that has been more often stated, than the principle that in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried. This burden of proof never

shifts. As we said in *Hodge v. Commonwealth*, 217 Va. 338, 341, 228 S.E.2d 692, 695 (1976), "any rule of state law which has the ultimate effect of shifting the burden of persuasion to the accused upon this critical issue is constitutionally infirm".

The defense that a killing was accidental presents a different issue from a claim that a killing was done in self-defense. For the Commonwealth to establish murder it must show those elements which completely negate an accidental killing, *i.e.*, that the killing was willful, deliberate and malicious. Self-defense in Virginia is an affirmative defense, the absence of which is not an element of murder. In making this plea a defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors.

The law of self-defense is the law of necessity, and the necessity relied upon must not arise out of defendant's own misconduct. Accordingly, a defendant must reasonably fear death or serious bodily harm to himself at the hands of his victim. It is not essential to the right of self-defense that the danger should in fact exist. If it reasonably appears to a defendant that the danger exists, he has the right to defend against it to the same extent, and under the same rules, as would obtain in case the danger is real. A defendant may always act upon reasonable appearance of danger, and whether the danger is reasonably apparent is always to be determined from the viewpoint of the defendant at the time he acted. These ancient and well-established principles have been recited to emphasize the subjective nature of the defense, and why it is an affirmative one. As Chief Justice Hudgins pointed out in *Harper v. Commonwealth*, 196 Va. 723, 731, 85 S.E.2d 249, 254 (1955): " 'What reasonably appeared to the accused at the time of the shooting, as creating the necessity for his act, is the test and not what reasonably appeared to him, provided it would so appear to some other reasonable person under similar circumstances.' "

The issue involved in the instant case has been recently decided by the United States Court of Appeals in *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978). There, Frazier was convicted of voluntary manslaughter and sentenced to a five-year term in the penitentiary. The trial court had instructed the jury at length in

regard to the presumption of innocence and the prosecutor's burden of proving guilt beyond a reasonable doubt. On the question of self-defense the jury was instructed as follows:

"The court instructs the jury that where a killing is proved by the use of a deadly weapon, and the accused relies upon the plea of self defense, the burden of proving such defense rests upon the accused; the burden resting upon an accused relying upon the right of self defense is to establish such defense, not beyond a reasonable doubt, nor even by the greater weight of the evidence, but only to the extent of raising in the minds of the jury a reasonable doubt as to whether or not he acted in the lawful exercise of such right. And, in determining whether or not such defense has been established, the jury should consider all of the evidence and circumstances in the case, that for the Commonwealth as well as that for the accused." 572 F. 2d at 995.

The Court of Appeals noted our analysis in *Hodge* of the impact of *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), upon the Virginia rule that every unlawful homicide is presumed to be murder in the second degree, and that the defendant has the burden of showing circumstances of mitigation or excuse. It held that the instruction "passes constitutional muster under *Hodge* and *Mullaney*", although resting its decision on *Patterson* v. *New York*, 432 U.S. 197 (1977).

In *Patterson* the defendant killed his wife's paramour and was convicted of second degree murder. In New York a person accused of murder is permitted to raise an affirmative defense that he "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse". N.Y. Penal Law §125.25(1) (a) (McKinney). The Supreme Court, in a most comprehensive opinion in which the pertinent authorities were collected and reviewed, upheld the constitutionality of the New York statute which cast upon the defendant the burden of proving his affirmative defense of extreme emotional disturbance. In doing so the Court said:

"We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally,

due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here. [*In re Winship*, 397 U.S. 358 (1970)]

\* \* \*

"Long before *Winship*, the universal rule in this country was that the prosecution must prove guilt beyond reasonable doubt. At the same time, the long-accepted rule was that it was constitutionally permissible to provide that various affirmative defenses were to be proved by the defendant. This did not lead to such abuses or to such widespread redefinition of crime and reduction of the prosecution's burden that a new constitutional rule was required. This was not the problem to which *Winship* was addressed. Nor does the fact that a majority of the States have now assumed the burden of disproving affirmative defenses—for whatever reasons—mean that those States who strike a different balance are in violation of the Constitution. [Footnotes omitted.]" 432 U.S. at 210-11.

In summary, we would observe that *Mullaney*, *Hodge* and *Martin*, cited by McGhee, did not deal with affirmative defenses but with defenses which negated an element of the crime of murder. *Mullaney* and *Hodge* involved the defense of "heat of passion" which would negate the element of malice. *Martin* concerned the defense of accident which would negate the element of intent. *Patterson* alone involved an affirmative defense which might justify, excuse or reduce the offenses with which the

accused was charged. While there the Supreme Court did not specifically deal with self-defense but with a statutory defense of "extreme emotional duress", the reasoning of the Court is clearly apposite to any affirmative defense which does not negate an element of the crime.

The judgment of the court below is

*Affirmed.*