COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


BARRY E. SOLLARS

                                         MEMORANDUM OPINION[*] BY
v.        Record No. 2246-95-1     JUDGE JERE M. H. WILLIS, JR.
                                              OCTOBER 1, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

            Ruthie Litvin (Kevin M. Diamonstein;
            Diamonstein, Becker & Staley, on brief), for
            appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Barry E. Sollars was convicted in a bench trial of voluntary

manslaughter, possession of cocaine with intent to distribute,

and possession of a firearm while in possession of cocaine.  On

appeal, he contends that the evidence is insufficient to support

his conviction of voluntary manslaughter.  We disagree and affirm

the judgment of the trial court.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "The judgment of a

trial court sitting without a jury is entitled to the same weight

as a jury verdict and will not be set aside unless it appears

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

from the evidence that the judgment is plainly wrong or without evidence to support it."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (citation omitted).

On January 21, 1995, Randy Fodrie drove Richard Barkley from his home in Mathews County to Newport News in an attempt to buy cocaine from Sollars in exchange for a .22 rifle.  They did not have enough cash to buy the cocaine, but Barkley estimated the value of the rifle to be $70.  Barkley transported the rifle by wrapping the barrel in a green shirt and placing it on the floorboard of Fodrie's truck pointing towards the passenger door.  The rifle was not loaded.  En route, Barkley phoned Sollars to ask whether he would accept the rifle in exchange for the cocaine.  Sollars replied, "No."

In Newport News, Fodrie and Barkley drove to the apartment complex where Sollars lived.  They saw him outside and motioned him over to the truck.  Sollars got in the truck and Barkley asked him for a "sixteenth" of cocaine which sold for $70.  Sollars told Fodrie to drive across the street to the McDonald's parking lot.  Sollars handed Barkley the cocaine and requested payment.  Barkley handed the cocaine to Fodrie and then began pushing on Sollars' shoulders saying, "Hey, I got something for you, M___ F___."  As Barkley reached down to the floorboard to pick up the rifle, Sollars opened the door to the truck and jumped out.  Sollars then shot Barkley in the neck.

Fodrie "hit the gas and took off" because he was afraid

Sollars would shoot him.  By the time Fodrie arrived at a nearby hospital, Barkley was dead from the gunshot wound.  Fodrie disposed of the rifle behind the hospital, where it was later recovered by the police still wrapped in the green shirt.

After his arrest, Sollars admitted shooting Barkley but claimed he did so in self-defense.  He acknowledged that the gun recovered from his person was the gun used to shoot Barkley.  The trial court rejected Sollars' claim that he acted in self-defense.  It found that Sollars had the opportunity to retreat when he opened the truck door.  It also rejected Sollars' testimony that his gun just went off.  It specifically found that there was no evidence that Barkley had the "imminent intent to kill [Sollars]."

Sollars contends that the evidence fails to sustain his conviction of voluntary manslaughter.  Voluntary manslaughter is an intentional killing committed in the heat of passion upon reasonable provocation.  See Belton v. Commonwealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958).  Heat of passion may be founded upon fear, rage, or a combination of both.  McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 292 (1975).  Sollars argues that the trial court erred in finding that the killing did not occur in self-defense.  He contends that he was in fear for his own life when he shot Barkley.

Self-defense is an affirmative defense, which the accused must prove by introducing evidence sufficient to raise a

reasonable doubt about his guilt.  McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).  Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact.  Yarborough v. Commonwealth, 217 Va. 971, 979, 234 S.E.2d 286, 292 (1977).

Credible evidence supports the trial court's finding that the killing of Barkley was voluntary manslaughter and not justifiable homicide.  Sollars was involved in a drug deal with Barkley and when he had the opportunity to retreat safely, he chose instead to shoot Barkley.  The evidence proved that after Sollars handed the cocaine to Barkley, he exited the truck while Barkley was leaning over to pick up the rifle from the floorboard.  He then stood outside the truck and shot Barkley. This is consistent with the autopsy report which disclosed that the direction of fire was right to left and slightly downward. However, it is contradictory to Sollars' testimony that Barkley had the rifle pointed at his face in the truck and that his gun just went off accidentally after he exited the truck.  The trial court was not required to believe the defendant and was entitled to infer that he lied to conceal his guilt.  See Black v. Commonwealth, 222 Va. 838, 840, 284 S.E.2d 608, 609 (1981).

The judgment of the trial court is affirmed.

Affirmed.

- 4 -