BENTON, Judge, with whom ELDER, Judge, joins,
dissenting.
The rule is well settled that an expert witness in a criminal trial “may not express an opinion as to the ultimate issue to be *303 determined by the trier of fact.” Price v. Commonwealth, 18 Va.App. 760, 764, 446 S.E.2d 642, 645 (1994); see Bond v. Commonwealth, 226 Va. 534, 538, 311 S.E.2d 769, 771-72 (1984). Equally well settled is the rule that an expert in a criminal case may “testify on the basis of [the expert’s] own personal observations or on the basis of evidence adduced at trial.” Buchanan v. Commonwealth, 238 Va. 389, 416, 384 S.E.2d 757, 773 (1989). Because the testimony of Gwynn Polidoro, a licensed clinical social worker, did not express an opinion on the ultimate issue, I would hold that the trial judge erred in excluding her testimony.
“The common law defense of duress excuses acts which would otherwise constitute a crime, where the defendant shows that the acts were the product of threats inducing a reasonable fear of immediate death or serious bodily injury.” Pancoast v. Commonwealth, 2 Va.App. 28, 33, 340 S.E.2d 833, 836 (1986).
To support a defense of duress, a defendant must demonstrate that [her] criminal conduct was the product of an unlawful threat that caused [her] reasonably to believe that performing the criminal conduct was [her] only reasonable opportunity to avoid imminent death or serious bodily harm, either to [her]self or to another.
Daung Sam v. Commonwealth, 13 Va.App. 312, 324, 411 S.E.2d 832, 839 (1991).
To determine whether Zelenak acted under duress, the jury had to decide if Zelenak “reasonably feared that [her] refusal to participate in the [crimes] ... would have resulted in imminent death or serious injury to [herself or her] family.” Id. at 324, 411 S.E.2d at 839 (emphasis omitted). The proffer by defense counsel reveals that the expert would have provided information concerning Zelenak’s past experiences and overall mental condition relevant to that inquiry. Defense counsel proffered that the expert would testify as follows:
If [Ms. Polidoro] was to testify she would observe that Mrs. Zelenak has revealed abuse and exposure to violence from the time she was a child unto her arrest. That she has a *304 series of intense, but unstable relationships. That she has repeatedly looked for a rescuer for someone who would love her and has repeatedly failed to protect herself as an adult____ She has a reported sense of helplessness and lack of initiative saying she has difficulty making decisions. In her most recent relationship with [Morehead], she became very attached to him almost immediately. She has revealed mixed, revealed episodes of violent sexual exploration, humiliation mixed with feelings of specialness.... She idolizes him on one point and seems to be very afraid of him on the other. In my opinion, she got to the point where she believed escape from him or disobedience would result in her death or the death of a family member.
The proffer contained no expression of an opinion that, on the day in question, Zelenak reasonably believed that committing the crime was the only way to avoid serious bodily harm. Rather, the proffer concerned Zelenak’s overall mental condition and past experiences relating to manipulation and intimidation. The expert’s testimony would have explained circumstances and factors from which a jury might have found a basis to believe Zelenak was susceptible to intimidation and manipulation. Thus, the evidence could have provided a basis for the jury to find that Zelenak acted because of a fear of Morehead. Such a finding would have tended to establish Zelenak’s defense of duress.
The testimony also would have provided information tending to show that Zelenak’s fear was reasonable. See McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978) (“ ‘ “What reasonably appeared to the accused at the time of the [criminal act], as creating the necessity for [her] act, is the test and not what reasonably appeared to [her], provided it would so appear to some other reasonable person under similar circumstances.” ’ ”) (citation omitted). In ascertaining whether Zelenak acted out of a subjectively reasonable fear, Zelenak’s past experiences and mental condition were relevant in determining what compelled her to commit the offense. Indeed, in the civil context, the Supreme Court has stated that the question of duress “ ‘is to be determined on consideration *305 of the surrounding circumstances such as age, sex, capacity, situation, and relation of the parties.’ ” Jacobs v. Jacobs, 218 Va. 264, 267, 237 S.E.2d 124, 126 (1977) (citation omitted).
In this case, where the defense claimed Zelenak had been abused previously, the jury, upon proper evidence, might have found that Zelenak reasonably believed that a failure to commit the offenses would result in death or serious injury. Therefore, I would hold that the trial judge erred in refusing to admit the relevant and probative portions of Polidoro’s testimony that would have explained Zelenak’s susceptibility to duress.[2] If this evidence had been admitted, the jury would *306 still have had to decide if Zelenak acted out of a reasonable fear of Morehead.
Accordingly, I would reverse the conviction and remand for a new trial. I dissent.

. Nothing in the proffer states an opinion on the ultimate issue. In its entirety, the proffer was as follows:
Ms. Polidoro by education has a bachelor's degree from Wesleyan College and a master's in social work from the University of Georgia. She’s licensed in the State of Virginia as a Clinical Social Worker. She's a board certified diplómate in clinical social work. She’s a member of the Academy of Certified Social Workers. She's a member of the International Society for the Study of Multiple Personality and Dissociation and is a former member of the Board of Directors of the Women’s Resource Center. She has quite extensive background of continuing education and serves as one of the local main resource people on multiple personalities and dissociative orders. If she was to testify she would observe that Mrs. Zelenak has revealed abuse and exposure to violence from the time she was a child unto her arrest. That she has a series of intense, but unstable relationships. That she has repeatedly looked for a rescuer for someone who would love her and has repeatedly failed to protect herself as an adult. That she would, reports both inhibited sexuality and compulsive sexuality. There is evidence of self-blame, shame, guilt and a pattern of attempting to protect family members and partners. She has a reported sense of helplessness and lack of initiative saying she has difficulty making decisions. In her most recent relationship with Paul, she became very attached to him almost immediately. She has revealed mixed, revealed episodes of violent sexual exploration, humiliation mixed with feelings of specialness, specialness. She idolizes him on one point and seems to be very afraid of him on the other. In my opinion, she got to the point where she believed escape from him or disobedience would result in her death or the death of a family member. On one of her, after one of her interviews with her she reported and these are reports that were provided to Dr. Cropper. It appears that she was switching at the time Mrs. Crockett was killed and would reveal more about the entire event if she were an estate, if she were in the state that she was at the time. By switching, Ms. Polidoro would talk about the switching from one personality to the *306 other. I would read from the Code of Virginia, Section 54.1-3700, which would say a clinical social worker means a social worker who, by education and experience, is professionally qualified at the autonomous practice level to provide direct diagnostic, preventive and treatment services where functioning is threatened or affected by social and psychological stress or health impairment. To, and, also, in this section in order to engage in the practice of social work it shall be necessary to hold the license, which Ms. Polidoro is, and I would respectfully submit this proffer.