COURT OF APPEALS OF VIRGINIA

Present:  Judge Annunziata, Senior Judges Duff and Hodges
Argued at Alexandria, Virginia


SUSAN JACQUELINE BURNS

                                        MEMORANDUM OPINION* BY
v.    Record No. 1459-99-4              JUDGE WILLIAM H. HODGES
                                            MAY 30, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Alfred D. Swersky, Judge

          Paul E. Pepper, Assistant Public Defender,
          for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Susan Jacqueline Burns, appellant, appeals her conviction for

assault and battery.  Appellant contends that the trial court

erred by applying an objective test, rather than subjective test,

in denying her claim of self-defense.  For the following reasons,

we find no reversible error and affirm the conviction.

                              Facts

     As Susie Wanzer left a CVS store, appellant kicked her in

the buttocks area.  They exchanged words.  Appellant grabbed

Wanzer's shirt and they began fighting.  They fell to the ground

and Wanzer asked appellant to let go of her shirt.  Wanzer was

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

unaware of bumping appellant, but said that if she had bumped appellant, she apologized. CVS employees separated appellant and Wanzer. Prior to this incident, Wanzer had never before seen appellant.

At trial, appellant explained that she kicked Wanzer because Wanzer had bumped her. Appellant explained that she reacted the way she did because she had been homeless for about five months, had been living on the streets and escaping the cold by seeking refuge in twenty-four-hour restaurants, was sleep deprived, and was on the verge of a nervous breakdown at the time of the incident. During the months she was homeless, appellant said she had been attacked fifteen or sixteen times, and "felt she was a victim of discrimination because she was homeless." Appellant said "that because of her physical and mental condition," she realized that she had overreacted and was sorry she kicked Wanzer.

During closing argument, defense counsel argued that appellant kicked Wanzer in self-defense. Defense counsel argued that appellant's lack of sleep and deteriorating mental health led appellant to perceive Wanzer's bumping her as a threat to her physical safety and that appellant kicked Wanzer in reaction to this threat.

## Discussion

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a

-

reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). "The trier of fact determines the weight of evidence in support of a claim of self-defense." Gardner v. Commonwealth, 3 Va. App. 418, 426, 350 S.E.2d 229, 233 (1986). The test of self-defense is whether the defendant reasonably feared death or serious bodily harm at the hands of his victim, and not whether danger in fact existed. See McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).

Appellant failed to present evidence of self-defense sufficient to raise a reasonable doubt about her guilt. Appellant testified that she kicked Wanzer because Wanzer bumped her while leaving the CVS store. Appellant testified that she kicked Wanzer because appellant was homeless, sleep deprived, and on the verge of a nervous breakdown due to lack of sleep and the attacks she had endured while she was homeless. Appellant never claimed that she feared death or serious bodily harm from Wanzer. Defense counsel made this claim during closing argument, which does not constitute evidence. See Curtis v. Commonwealth, 3 Va. App. 636, 642, 352 S.E.2d 536, 540 (1987).

Although the trial court declined to apply the subjective test, and instead applied an objective test when considering appellant's self-defense claim, any error was harmless. To be harmless, it must plainly appear from the record and the evidence that the error did not affect the verdict. See Code

-

§ 8.01-678; <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (<u>en</u> <u>banc</u>).  Because there was no evidence that appellant feared death or serious harm from Wanzer, no evidence supported the affirmative defense of self-defense.  Therefore, even if the trial court had applied the subjective test in considering appellant's self-defense claim, the verdict would have been the same.  Thus, any error was harmless.

<u>Affirmed.</u>