COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


DARRYL CARNEAL LAW

MEMORANDUM OPINION[*] BY
v.    Record No. 1573-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                        OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Joseph R. Winston, Special Appellate Counsel
(Public Defender Commission, on brief), for
appellant.

Richard B. Smith, Senior Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


A jury convicted Darryl Carneal Law of second degree
murder, use of a firearm in the commission of a felony, and
maliciously discharging a firearm in an occupied building. On
appeal, he contends the trial court erred in refusing his
proffered instruction of justifiable self-defense. We conclude
the defendant was at fault in bringing about the dispute, and
the trial court properly refused the instruction.

The defendant concedes he and the victim got into a verbal
argument that ended when he shot and killed the victim, but he
claims he shot in self-defense. The trial court instructed the

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

jury on excusable self-defense, but refused to instruct on justifiable self-defense because it found the defendant was at fault in bringing about the altercation.  On appeal, we view the evidence in the light most favorable to the defendant who proposed the refused instruction.  Commonwealth v. Alexander, 260 Va. 238, 240, 531 S.E.2d 567, 568 (2000).

The defendant lived with his elderly aunt, Lilly Watkins, who suffered from Alzheimer's disease.  The victim, Ernest Eggleston, was her 77-year-old brother who used portable oxygen for severe emphysema but still managed his sister's financial affairs.  On the day of the murder, the defendant and the victim installed a new phone in Watkins' sitting room, but then they got into an argument over whether to discontinue the caller identification service.  The argument shifted to payment for long distance charges made by the defendant and continued to whether the defendant should pay rent.  The defendant accused Eggleston of failing to take care of his sister, of infidelity, and of not being the father of his children.  Eggleston told him to mind his own business, and the defendant replied, "I think I am minding my damn business."

Eventually, Eggleston ordered the defendant to leave the house if he could not pay rent and said, "I will fix your damn ass."  Eggleston backed into a nearby room and put his hand in his pocket.  The defendant testified that he felt "real fear" when Eggleston said, "I will kill your damn ass" because he

-

understood the victim carried a weapon.  The defendant thought Eggleston "had something in his pocket" and "was aiming to do me bodily harm."  The defendant grabbed a gun, fired it twice, and killed Eggleston.

"Justifiable homicide in self-defense occurs where a person, without any fault on his part in provoking or bringing on the difficulty, kills another under reasonable apprehension of death or great bodily harm to himself."  Bailey v. Commonwealth, 200 Va. 92, 96, 104 S.E.2d 28, 31 (1958) (citations omitted).  If an accused "is even slightly at fault" in creating the difficulty leading to the necessity to kill, "the killing is not justifiable homicide."  Perricllia v. Commonwealth, 229 Va. 85, 94, 326 S.E.2d 679, 685 (1985) (citing Dodson v. Commonwealth, 159 Va. 976, 981, 167 S.E. 260, 261 (1933)).

Verbal statements may constitute fault that defeats a claim of justifiable self-defense.  In Scott v. Commonwealth, 143 Va. 510, 129 S.E. 360 (1925), the victim's father, the town policeman, arrested companions of the defendant.  The defendant confronted the victim and started insulting his father calling him a bootlegger and a gambler.  The victim told the defendant not to say such things; the defendant dared the victim to stop him.  The court held misconduct "includes . . . violent and indecent language . . . calculated to provoke a breach of the peace."  Id. at 516, 129 S.E. at 362.  Though the victim struck

-

the first blow, the defendant was at fault which eliminated his claim of justifiable self-defense.

Though the victim may have started a verbal argument, continuing it may constitute fault that defeats a claim of justifiable self-defense.  In Adams v. Commonwealth, 163 Va. 1053, 178 S.E. 29 (1935), the victim remarked to a group that included the defendant, "You sons of bitches certainly can sing."  Id. at 1057, 178 S.E. at 30.  The defendant took exception to the remark, and the two began to curse each other. The defendant challenged the victim to continue the argument out in the street.  There the victim threw the first blow, but the defendant was not justified in slaying him because the defendant was at fault.  Id. at 1058, 178 S.E. at 31.

Continuing a long standing conflict may constitute fault. In Smith v. Commonwealth, 165 Va. 776, 182 S.E. 124 (1935), the ongoing feud was so bitter the defendant armed himself in case of a chance encounter with the victim.  On the day of the murder, the defendant refused to leave when asked and though the victim struck first, the bitterness of the feud was sufficient to constitute fault.  Continuing the bitter feud prevented the defendant from being free from fault "in the minutest degree." Id. at 785, 182 S.E. at 128.  The trial court properly refused to instruct on justifiable self-defense.

In this case, the defendant's own testimony supports the finding that he was not free from fault.  The defendant

-

testified, "We was talking kind of loud . . . . It got kind of rowdy and everything." They were arguing and cussing each other, and the defendant said offensive things. He concluded, "that particular day both of us was acting crazy." The defendant's aunt, Dorothy Barksdale, presented the same characterization of the disagreement. She testified the defendant told Eggleston, "Me and you got something to settle" and told her "this is going to get violent."

The defendant relentlessly continued the argument each time it subsided. When the victim attempted to end it by saying, "just drop it," the defendant changed the subject of dispute and renewed the argument. He continued that course of conduct until the tragic end. Any form of conduct by the accused from which the fact finder may reasonably infer that the accused contributed to the affray constitutes "fault." Bell v. Commonwealth, 2 Va. App. 48, 58, 341 S.E.2d 654, 659 (1986). "The law of self-defense is the law of necessity, and the necessity relied upon must not arise out of defendant's own misconduct." McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).

We conclude the defendant was at fault in bringing about the difficulty, and the trial court properly refused to instruct on justifiable self-defense. Accordingly, we affirm the convictions.

Affirmed.

-

–