COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued by teleconference


QUY THI NGUYEN, S/K/A
 QUI THI NGUYEN
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 0432-02-4         JUDGE ROBERT J. HUMPHREYS
                                        MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Joanne F. Alper, Judge

          Jonathan Shapiro (Law Offices of Jonathan
          Shapiro, P.C., on briefs), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Quy Thi Nguyen appeals her conviction, after a jury trial,

for first-degree murder and for use of a firearm in the commission

of murder.  Appellant contends the trial court erred in allowing

the Commonwealth's expert psychologist to testify:  1) that "the

recognized defense of 'irresistible impulse' should not be

considered"; 2) that "[appellant's] version of events could not be

trusted"; and 3) as to statements made to him by appellant's

estranged husband.  Appellant further argues that the trial court

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

erred in refusing to allow her to present testimony concerning an incident she had witnessed, where the victim "order[ed] a third person to commit an assault."  For the reasons that follow, we affirm the judgment of the trial court.

A.

Appellant failed to preserve for appeal the issues she raises with regard to the testimony of the Commonwealth's psychologist, Dr. William J. Stejskal.  Indeed, appellant concedes that she raised no objection to the testimony at trial.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Appellant thus asks us to consider these issues on appeal pursuant to the "good cause" or "ends of justice" exceptions to Rule 5A:18, contending that the admission of Dr. Stejskal's testimony served to negate her "recognized" defense of irresistible impulse.  We disagree and find that we are unable to consider appellant's assigned errors in this regard.

We first note that, despite appellant's claim to the contrary, it is clear that she raises a claim of ineffective assistance of trial counsel on appeal to this Court.  However, we have long recognized that claims of ineffective assistance of counsel may no longer be raised on direct appeal.  In fact, Code

-

§ 19.2-317.1, which allowed direct appeal of such claims under certain circumstances, was repealed in 1990. Therefore, we do not consider this issue further.

Moreover, it is axiomatic that the "good cause" exception to Rule 5A:18 relates to the reason why an objection was not stated at the time of the ruling. See Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (holding that pro se representation is not "good cause" for failing to object), cert. denied, 485 U.S. 971 (1988); Snurkowski v. Commonwealth, 2 Va. App. 532, 536, 348 S.E.2d 1, 3 (1986) (holding that futility of an objection is not "good cause" for failing to object); see also Campbell v. Commonwealth, 14 Va. App. 988, 996, 421 S.E.2d 652, 656-57 (1992) (Barrow, J., concurring). On this record, we see no reason for appellant's failure to object which would satisfy the "good cause" exception to Rule 5A:18.

Finally, as appellant recognizes,

> [u]nder Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice. The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and

-

> are to be strictly enforced except where the error has resulted in <u>manifest injustice</u>. . . .
>
> [In determining] [w]hether we apply the bar of Rule 5A:18 or invoke the ends of justice exception, we must evaluate the nature and effect of the error to determine whether a <u>clear miscarriage of justice</u> occurred. We must determine whether the error clearly had an effect upon the outcome of the case. The error must involve substantial rights.

<u>Brown v. Commonwealth</u>, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989) (emphases added). "Thus, the 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage <u>might</u> have occurred." <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

> Ordinarily, in the criminal context, application of the ends of justice exception is appropriate where "[the accused] was convicted for conduct that was not a criminal offense" or "the record affirmatively proves that an element of the offense did not occur." However, some procedures are so crucial that a court's failure to adhere to them constitutes error that is clear, substantial and material even in the absence of affirmative proof of error in the result.

<u>Herring v. Herring</u>, 33 Va. App. 281, 287, 532 S.E.2d 923, 927 (2000) (quoting <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997)).

Accordingly, if the record before us proved that, under no circumstances, could the jury have convicted appellant of the

-

crimes charged, there would be a reasonable basis for this Court to consider these issues, raised for the first time on appeal. However, the record in this case does not clearly demonstrate that there was no evidence, absent Stejskal's testimony, upon which appellant could have been convicted of the crimes charged. Nor does the record reflect any "material" failure on the part of the trial court to adhere to "crucial procedure" as it pertained to Dr. Stejskal's testimony. Thus, we find that the ends of justice, likewise, do not require that we consider these issues for the first time on appeal.

                                    B.

Appellant next contends that the trial court erred by refusing to allow her to testify that, on an occasion prior to the shooting, she had witnessed the victim order another individual to physically harm another person. We once again disagree.

Here, appellant was charged with first-degree murder. Therefore, the Commonwealth had the burden of proving that appellant killed the victim and that the killing was willful, deliberate, and premeditated. See Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

"In determining whether evidence is admissible, much must be left to the sound discretion of the trial court." Spencer v. Commonwealth, 240 Va. 78, 99, 393 S.E.2d 609, 622 (1990) (citation omitted)). "As a general rule, a litigant is entitled

-

to introduce all competent, material, and relevant evidence tending to prove or disprove any material issue raised, unless the evidence violates a specific rule of admissibility."  Tarmac Mid-Atlantic, Inc. v. Smiley Block Co., 250 Va. 161, 166, 458 S.E.2d 462, 465 (1995).  "'Evidence is admissible if it is both relevant and material,' and it is inadmissible if it fails to satisfy either of these criteria."  Peeples v. Commonwealth, 30 Va. App. 626, 640-41, 519 S.E.2d 382, 389 (1999) (quoting Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 198, 361 S.E.2d 436, 441, 442 (1987)).  "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case."  Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).  "Evidence is material if it relates to a matter properly at issue."  Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

Here, the trial court refused to admit appellant's testimony pertaining to the incident in question, stating:

> because then it gets into the whole collateral issue of [the other individual] or what else happened.
>
> . . . But that's not an issue of interpretation of what [the victim's], quote, order was, and this sort of thing.
>
> If it was physical action by [the victim] directly where he was doing the fighting or the hurting, that's one thing.  But I think

-

when you get into an order to someone else, that's not.

Indeed,

> [i]t is well settled in Virginia that where an accused adduces evidence that he acted in self-defense, evidence of specific acts is admissible to show the character of the victim for turbulence and violence, even if the accused is unaware of such character. Barnes v. Commonwealth, 214 Va. 24, 197 S.E.2d 189 (1973); Stover v. Commonwealth, 211 Va. 789, 180 S.E.2d 504 (1971); Randolph v. Commonwealth, 190 Va. 256, 56 S.E.2d 226 (1949).  We held in Jones v. Commonwealth, 196 Va. 10, 15, 82 S.E.2d 482, 485 (1954), that "[t]he evidence and inferences deducible therefrom may be such at times as to justify the submission of whether or not the killing was in self-defense, as well as whether or not it was accidental."

Jordan v. Commonwealth, 219 Va. 852, 855, 252 S.E.2d 323, 325 (1979).

However,

> "[s]uch evidence is admissible only when the defendant has interposed a plea of self-defense [. . .], and when a proper foundation is laid by proof of some overt act justifying such defense [. . .].  The trial court should exercise a sound legal discretion in determining whether or not the proper foundation has been laid for the introduction of the offered testimony."

Burford v. Commonwealth, 179 Va. 752, 767, 20 S.E.2d 509, 515 (1942) (omissions in original) (quoting State v. Jennings, 28 P.2d 448 (1934)).

> The "crucial issues" in a plea of self-defense are the accused's "state of mind and the circumstances as they reasonably appeared to [the accused] at the

-

time of the shooting." Jones v. Commonwealth, [217 Va. 226, 230, 228 S.E.2d 124, 125 (1976)]. The test of self-defense is whether the accused "reasonably fear[ed] death or serious bodily harm to himself at the hands of his victim." McGhee [v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)]. Thus, "[i]t is not essential to the right of self-defense that the danger should in fact exist." Id. However, when the accused fears that a person intends to murder or inflict serious bodily injury, and there is an "'overt act indicative of such an intent, . . . [the accused may be justified in] killing [or injuring] the party by way of prevention.'" Harper v. Commonwealth, 196 Va. 723, 731, 85 S.E.2d 249, 254 (1955) (citation omitted).

Peeples, 30 Va. App. at 643, 519 S.E.2d at 390.

In the case at bar, at the time appellant sought to introduce the evidence of the victim's prior violent conduct, although appellant had claimed that she shot the victim in self-defense, she had not yet testified as to her version of the events as they pertained to the shooting. Instead, the only version of the events that had been proffered at that point, was from the perspective of the Commonwealth's witnesses, who testified that the victim went to appellant's apartment to retrieve his belongings, that he walked over to appellant's car to speak with her when he saw her drive into the apartment complex parking lot, and that he was walking away from appellant when she shot him in the back. Thus, at the time appellant sought to introduce the evidence, there had been no "sufficient showing" of an overt act by the victim, which would have been

-

necessary for the trial court to properly admit the excluded evidence.

Furthermore, as alluded to by the trial court, the "specific instance" appellant sought to introduce was not a specific instance of violence committed by the victim, but a statement, amounting to hearsay, where the victim allegedly ordered a third party to commit an act of violence. See Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476-77 (1999) ("[H]earsay evidence is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule, . . . [and] the party attempting to introduce a hearsay statement has the burden of showing the statement falls within one of the exceptions.").

Moreover, appellant failed to proffer the actual statement and circumstances of the event, leaving the trial court with only the ability to surmise whether or not the "order" was actually what appellant purported – an order to do violence – and/or whether the "order" was actually carried out. Accordingly, on this record, we find no error in the trial court's refusal to admit the evidence.

For these reasons, we affirm the judgment of the trial court.

Affirmed.