Tuesday                    15th

March, 2005.


Tyrone Maurice Epps,                                                    Appellant,

 against            Record No. 2921-02-3
                    Circuit Court Nos. CR02-1023 and CR02-1024

Commonwealth of Virginia,                                              Appellee.


From the Circuit Court of the City of Danville


Upon consideration of appellant's motion filed herein, and, in order not to prejudice appellant's rights to seek further review of the Court's December 16, 2003 decision, the said opinion hereby is withdrawn and the mandate entered that date is vacated.  The opinion in this case shall be reissued bearing the date of March 15, 2005, and a mandate shall be entered in this case on that date.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


TYRONE MAURICE EPPS

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2921-02-3            JUDGE RUDOLPH BUMGARDNER, III
                                                    MARCH 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Jon I. Davey (Law Office of Jon I. Davey, on brief), for appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Steven A. Witmer, Assistant Attorney General, on
brief), for appellee.


A jury convicted Tyrone Maurice Epps of first degree murder and use of a firearm in the

commission of murder.  He appeals the refusal to instruct on accidental shooting and

self-defense.  Concluding the evidence did not support giving these instructions, we affirm.

We view the evidence in the light most favorable to the defendant when reviewing the

refusal to grant defense instructions.  Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341

(1991).  An instruction is proper only when it is supported by more than a scintilla of evidence.

Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

Police found the body of the victim at the rear corner of 818 Clay Street.  One lethal

bullet passed through the back of his neck, "transected the spinal cord," and exited the right side

of his face.  It traveled from "back to front, left to right and slightly upward."  The victim would

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

have suffered "virtual instantaneous paralysis," immediately fallen to the ground, and died shortly thereafter.

The victim and two other men were drinking beer and smoking crack cocaine at 814 Clay Street where the defendant rented a room. When the defendant entered the house, the victim said to him, "I built this MF house and . . . you don't have no reason to be puttin' no locks on no doors around here." The defendant asked the victim why he had "kicked down the door" to the defendant's room and rummaged through it. An argument ensued. At one point, the defendant left the house to get someone to help remove the victim. Unable to do so, he returned.

When the defendant returned, the argument resumed. The victim picked up a chainsaw and tried to start it. The defendant was "scared for his life" and grabbed a .25 caliber gun laying on a table at the front door. The argument continued as the defendant went outside onto the porch followed by the victim, who still carried the inoperative chainsaw. The victim then dropped the chainsaw and ran off toward the rear of the house. The defendant fired two shots from the porch. He fired the first straight up into the air when the victim "was a distance" from the defendant. He fired a second shot also in the air to scare the victim away. The defendant then threw the gun in front of the house, and walked home. He returned a few hours later to locate the gun, discovered the victim's body, and called 911.

The trial court refused to instruct on accidental shooting.[1] The defendant insisted he shot into the air and not in the direction of the victim. He demonstrated his firing position by holding

---

[1] Refused Instruction A provided:

> THE COURT INSTRUCTS THE JURY THAT where the defense is that the killing was an accident, the Defendant is not required to prove this fact. The burden is on the Commonwealth to prove beyond a reasonable doubt that the killing was not accidental. If after considering all of the evidence, you have a reasonable doubt whether the killing was accidental or intentional, then you shall find the Defendant not guilty.

his arms straight above his body, and insisted he stood at the edge of the porch when he fired the shots. While he contended his shots could have accidentally hit the victim, his own testimony makes such an accident impossible.

The defendant demonstrated that he fired into the air away from the victim. The victim fell where the bullet struck him. He fell at the rear of the adjacent house, 17 feet to the side and more than 43 feet to the rear of the porch where the defendant stood. A bullet fired in the manner described by the defendant could not have hit the victim or followed an upward trajectory through his neck. The undisputed physical evidence renders an accident impossible. The trial court did not err in refusing to instruct on accidental shooting. Vaughn v. Commonwealth, 263 Va. 31, 37, 557 S.E.2d 220, 223 (2002).

The defendant tendered instructions for both types of self-defense. "Self-defense is an affirmative defense . . . [in which] a 'defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors.'" Sands, 262 Va. at 729, 553 S.E.2d at 736 (quoting McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)). Justified self-defense applies if the defendant was without fault in bringing on the altercation. The defendant conceded the evidence did not support this form of self-defense. The evidence clearly shows that both the defendant and the victim were at fault.

Only excusable self-defense could have been applicable to these facts. If the defendant was at some fault in bringing about the altercation, he must retreat and make known his withdrawal from the fray before he can use deadly force. Connell v. Commonwealth, 34 Va. App. 429, 437, 542 S.E.2d 49, 53 (2001). In this case, the defendant never withdrew from the altercation.

In addition, the defendant must have "an honest and reasonable fear . . . of imminent death or great bodily harm." Joseph L. Costello, Virginia Law and Procedure, § 33.1-2, at 428 (3d ed. 2002). The facts do not permit a finding that the defendant had a reasonable fear. The defendant and the victim had a heated argument, and the victim grabbed a chainsaw but never started it. When the argument moved to the porch, the defendant had a gun. The victim dropped his chainsaw and fled before the defendant fired. The bullet hit the victim from the rear when he was forty-seven feet away. While the defendant said he was "scared for his life," "the 'bare fear' of serious bodily injury or even death, however well-grounded, will not justify the taking of human life." Sands, 262 Va. at 729, 553 S.E.2d at 736 (citing Stoneman v. Commonwealth, 66 Va. (25 Gratt.) 887, 900 (1874)). As in Sands, "the evidence fails to reveal any overt act by [the victim] that presented an imminent danger at the time of the shooting." Id. The evidence failed to support excusable self-defense, and the trial court did not err in refusing to so instruct.

The evidence did not support an instruction on accidental shooting or self-defense. Accordingly, we affirm the convictions.

Affirmed.