COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia

JEROME WASHINGTON

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0822-05-1             JUDGE D. ARTHUR KELSEY
                                      NOVEMBER 14, 2006
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

        Joseph R. Winston, Special Appellate Counsel (Virginia
        Indigent Defense Commission, on briefs), for appellant.

        Karri B. Atwood, Assistant Attorney General (Robert F.
        McDonnell, Attorney General; Denise C. Anderson,
        Assistant Attorney General, on brief), for appellee.


Jerome Washington appeals his conviction for third-offense assault and battery of a

family or household member in violation of Code § 18.2-57.2. As a matter of law, Washington

argues, he was entitled to an acquittal because he acted in self-defense. We disagree and affirm.

The evidence at trial showed that Washington, after consuming "a couple of beers" at

about 2:00 a.m., argued with his wife over getting her car keys to retrieve his pack of cigarettes

from her car. Exasperated by his haranguing, Washington's wife slapped him in the face.

Washington hit her back. A police officer arriving shortly after the incident observed a red mark

on her face and neck. At trial, she testified she was "hit" but not in the face. Washington

"pushed me back," she added.

In his testimony at trial, Washington claimed he did not hit her in the face or neck. "My

wife did have a hickie on her neck," he explained. Washington admitted, however, that he

"pushed her into the wall." When asked why he did that, Washington said he "retaliated"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

because he thought "*maybe* she was going to hit me again." No evidence, however, explained why he thought so. He never suggested, for example, that his wife raised her hand again to deliver a second slap. Nor did any evidence show any other menacing circumstance implying that he might likely be slapped again. Washington also admitted he had been convicted of three felonies and a misdemeanor involving lying, cheating, or stealing.

On appeal, Washington continues a debate started in the trial court distinguishing between justifiable and excusable self-defense for purposes of applying the common law duty of retreat.[1] We need not engage this debate, however, because it assumes away a more fundamental premise — one fatal to Washington's reasoning.

To succeed in the affirmative defense of self-defense, whether characterized as justifiable or excusable, the defendant must reasonably believe that some proportionate act of force "was necessary to avoid an imminent threatened harm" that could not be avoided through other, less forceful, means. Humphrey v. Commonwealth, 37 Va. App. 36, 49, 553 S.E.2d 546, 552 (2001) (citation omitted). In this respect, "the law of self-defense is the law of necessity." Roger D. Groot, Criminal Offenses & Defenses in Virginia 279 (2006); see McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978); Scott v. Commonwealth, 143 Va. 510, 516, 129 S.E. 360, 362 (1925).

---

[1] On this issue, Washington contends the trial court found him at fault for starting the argument, and thus, had a duty of retreat before he could use force in his defense. Viewing the court's remarks in their "full context," Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), we find the record far too unclear to sustain that characterization. Though aspects of that topic were addressed by the trial court, the court also questioned whether Washington "was legitimately and reasonably in fear for his safety when he, by her testimony, hit her and pushed her." Under settled principles, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Wright v. West, 505 U.S. 277, 296-97 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 326 (1979)).

Following these principles, the "common law of Virginia 'has long recognized that a person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault.'"  John L. Costello, Virginia Criminal Law & Procedure § 33.1-1, at 427 (3d ed. 2002) (footnote omitted).  The defender's belief in the need for repelling force "must be honest, because necessity cannot exist otherwise, and reasonable, because a general license to invoke violence according to individual standards would create a lawless society."  Id. § 33.2-3, at 431 (footnote omitted).  The right to use force in self-defense thus "begins where the necessity begins and ends where it ends."  Thomason v. Commonwealth, 178 Va. 489, 498, 17 S.E.2d 374, 378 (1941) (citations omitted).[2]

Washington's argument on appeal founders because the evidence amply supports the conclusion that he retaliated against his wife out of anger, motivated by a blow-for-blow sense of requital.  No evidence suggested that Washington needed to defend himself from a second slap in the face.  She hit him; he hit her back.[3]  Without more, that two-frame sequence does not even implicate the defense of self-defense, much less conclusively establish it as a matter of law.[4]

For these reasons, we affirm Washington's conviction.

Affirmed.

---

[2] "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact."  Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (citation omitted).

[3] At oral argument on appeal, Washington's counsel explained the point just this way:  "I think if someone comes up and hits me, I can hit him back.  I don't think there's any doubt about that." "If I'm at no fault, and somebody comes up and whacks me, I can whack him back," counsel argued.

[4] See, e.g., Thomason, 178 Va. at 498-99, 17 S.E.2d at 378 (observing that aggressor "wasn't still coming at" defendant at the time he struck his blow); Byrd v. Commonwealth, 89 Va. 536, 540, 16 S.E. 727, 729 (1893) (finding defendant was "not pursued nor further threatened," was "not in danger of any immediate injury, nor threatened with any," and was thus not entitled to resort to force when the deceased "stood still" and "said nothing").