COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


FREDERICK LEON DAVIS

MEMORANDUM OPINION[*] BY
v.        Record No. 0250-06-3                      JUDGE WILLIAM G. PETTY
                                                           JANUARY 9, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Joseph R. Winston, Special Appellate Counsel (Catherine E. P.
Haas, Assistant Appellate Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Appellant Frederick Leon Davis appeals his conviction for assault and battery in violation

of Code § 18.2-57.2.  On appeal, he argues that he acted in self-defense and did not use excessive

force; therefore, he asserts his conviction should be reversed.  For the reasons that follow, we

disagree and affirm the conviction.

I.  BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  We must also "'discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Craddock v. Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting

Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003)).  So

viewed, the evidence establishes that Davis shared an apartment with Rebecca Giles in Martinsville.

When Davis came home on the day of the offense, Giles became upset with him because he had

been laid off from his job.  Giles' testimony concerning the incident was as follows:

> That day I came in with an attitude.  He had got laid off his job and
> I jumped on him.  Then that's when I jumped on his back and hit
> him on the head.  Then he threw me off in the floor.  That's
> when I jumped up and got on the bed, and that's when I grabbed
> the scissors and was getting ready to stab him with them.  Then he
> tried to grab me and I wouldn't let him grab me.  That's when I
> grabbed the iron and was getting ready to hit him.  That's when he
> took the iron from me and hit me right there.  (Indicating).

Photographs taken of Giles show that she suffered facial injuries in this assault, including:

(1) a gash above her right eyebrow requiring stitches; (2) swelling and bruising to her right eye;

(3) a burn to her left cheek; (4) an injury to the right side of her lip; and (5) a swollen left eye.  The

Commonwealth admitted these photographs into evidence at the trial.  A grand jury indicted Davis

for malicious wounding in violation of Code § 18.2-51.  Following a bench trial, at which only

Giles testified, the trial court found Davis guilty of assault and battery in violation of § 18.2-57.2.

## II.  ANALYSIS

Davis alleges the trial court erred when it rejected his claim of self-defense, finding that he

used excessive force to repel Giles' attack.  Davis asserts that Giles initiated the fight and when he

struck her, he did so to defend himself.  Moreover, Davis argues his response was neither

excessive nor unlawful.  We disagree.

Self-defense is an affirmative defense.  McGhee v. Commonwealth, 219 Va. 560, 562,

248 S.E.2d 808, 810 (1978).  When a defendant asserts this defense, he "implicitly admits" that

his use of force was intentional, and he bears the burden of introducing sufficient evidence "that

raises a reasonable doubt" about his guilt.  Id.  "Whether an accused proves circumstances

sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (citing Yarborough v. Commonwealth, 217 Va. 971, 979, 234 S.E.2d 286, 292 (1977)). We will not disturb the trial court's factual findings on appeal unless they are "plainly wrong or without evidence to support them." Id.

The right of self-defense is not unlimited. Even when one is entitled to use force to defend himself, "the amount of force used must be reasonable in relation to the harm threatened." Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 26 (1989) (citing Montgomery v. Commonwealth, 98 Va. 840, 844, 36 S.E. 371, 373 (1900)). Moreover, an individual's right to defend himself "begins where the necessity begins and ends where it ends." Thomason v. Commonwealth, 178 Va. 489, 498, 17 S.E.2d 374, 378 (1941) (citations omitted).

In this case, the trial court determined that Davis used excessive force against Giles when, after disarming her, he attacked her with the iron. In reaching this conclusion, the trial court made a series of findings concerning the attack:

> The defendant apparently grabbed the iron from Ms. Giles, at which point he then struck her over the right eye, a very significant blow. Photographs show quite a bit of blood, a fairly severe laceration, a very swollen eye.
>
>     \*     \*     \*     \*     \*     \*     \*
>
> Under the circumstances the court thinks that [excessive force] was used.
>
>     \*     \*     \*     \*     \*     \*     \*
>
> [T]he evidence does show that when the defendant struck Ms. Giles, she was unarmed. That was the basis for the court's decision to view this as basically the use of excessive force. There was really no need at that point to attempt to disable or disarm Ms. Giles. There was certainly no justification for the use of an iron, and it did some considerable damage to Ms. Giles' face.

"The reasonableness of the force used is a factual issue." <u>Goodwin v. Commonwealth</u>, 23 Va. App. 475, 483, 477 S.E.2d 781, 785 (1996) (citing <u>Diffendal</u>, 8 Va. App. at 421, 382 S.E.2d at 26). Based upon our review of this record, we conclude there was sufficient evidence to support the trial court's stated determination that the amount of force used by Davis was unreasonable in relation to the threat presented by Giles at the time the assault occurred.

### III. CONCLUSION

The trial court's finding that Davis used excessive force is neither plainly wrong nor without evidence to support it. Accordingly, we affirm the conviction.

<u>Affirmed.</u>