## Richmond
### DENNIS EUGENE EDWARDS
v.
### COMMONWEALTH OF VIRGINIA
No. 0842-88-2
Decided April 3, 1990

Counsel

Robert N. Johnson (Anne M. Johnson; Robert N. & Anne M. Johnson, Incorporated, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**WILLIS, J.**—Dennis Eugene Edwards, Sr., was convicted by a jury of second degree murder and of the use of a firearm in the commission of murder. On appeal, he raises three questions:

(1) Did the trial judge err when he denied the defense counsel's motion to exclude a photograph of the back of the victim's head showing the exit gunshot wound and permitted it to be entered in evidence as Commonwealth's Exhibit No. 1?

(2) Did the trial judge err when he excluded from evidence the testimony which defense counsel would have elicited from the witness Melvin Richard Dix, concerning an incident when the victim pulled a knife on Mr. Dix about two months before the victim's death?

(3) Did the trial judge err when he overruled the defense counsel's motion to set aside the verdict as contrary to the law and the evidence?

For the reasons stated below, we hold that the trial court did not err in admitting the photogrpah or in overruling the motion to set aside the verdict. However, we find that the court erred in excluding the testimony of Melvin Richard Dix, and that such error was not harmless beyond a reasonable doubt. For this reason we reverse.

Marshall Barnhouse, the victim, died of a gunshot wound to the head. The defendant admitted to investigating officers that he fired the fatal shot, but denied that he did so intentionally. Theresa Sipple, the only eyewitness who testified, described a dispute between Barnhouse and the defendant, which arose out of the defendant's request that Barnhouse and others be quiet so that he could sleep and his demand that Barnhouse leave. She said that

the defendant left the kitchen, where the group was gathered, and returned saying, "I'll blow your brains out." Barnhouse moved toward the defendant. Sipple turned to leave, heard a shot, turned back, and saw Barnhouse fall. She saw nothing in his hands.

■ It is within the trial court's sound discretion to admit photographs of the victim's body or wounds when they are relevant and material to corroborate medical testimony and are not unduly inflammatory. *Williams v. Commonwealth*, 234 Va. 168, 177, 360 S.E.2d 361, 367 (1987), *cert. denied*, 484 U.S. 1020 (1988); *Gray v. Commonwealth*, 233 Va. 313, 342-43, 356 S.E.2d 157, 173, *cert. denied*, 484 U.S. 873 (1987). At trial, Dr. David Wieking, the medical examiner, described the path of the fatal bullet through the victim's head, including its points of entry and exit. He identified Commonwealth's Exhibit No. 1 as a photograph which he had taken showing the exit wound. This photograph was not unnecessarily inflammatory. The trial court did not abuse its discretion in admitting it.

■ Where the defendant claims self-defense, evidence of prior acts of violence by the victim is relevant as bearing on the reasonable apprehension which the defendant may have experienced and on the likelihood of the victim's aggressive behavior as claimed by the defendant. *Barnes v. Commonwealth*, 214 Va. 24, 26, 197 S.E.2d 189, 190 (1973); *Randolph v. Commonwealth*, 190 Va. 256, 264-65, 56 S.E.2d 226, 230 (1949). Those same considerations apply here, where the trial court instructed the jury on both self-defense and accident.

The defendant told the investigating officers that he was trying to sleep, but was unable to do so because of noise being made by the victim and others in the kitchen. The defendant went to the kitchen to ask them to quiet down, and he asked the victim, who did not live there, to leave. The victim was drinking. The defendant testified that the victim gave him a hostile look and walked out the door, mumbling to the effect, "Well, I've got something to take care of you." The defendant testified that he perceived this as a threat, and when he heard the victim come back into the house, he took his loaded pistol and returned to the kitchen. He said that he accidentally discharged the pistol once into the floor. He claimed that the victim then attacked him with a broom or mop handle, striking him several times. He said that he threw up his hands to protect his face, and that a blow struck by the victim hit

his hand and the finger that was on the trigger, causing the pistol to fire the fatal shot. He denied that he intentionally shot the victim in self-defense, but contended that he armed himself out of concern for his safety, and that the fatal shot resulted from the victim's assault.

Out of the presence of the jury, the defendant proffered the testimony of Melvin Richard Dix regarding an incident that had occurred at the same location two or more months before the event on trial. Dix testified that on that prior occasion the victim, who was then drinking, had interjected himself into a dispute between Dix and another man and had drawn a knife on Dix. Dix said that he was frightened to the extent that he abandoned the dispute. This testimony would have supported the defendant's version of the events leading up to the victim's death. If believed, it would have lent credence to his position that he reasonably felt himself threatened by Barnhouse and that he therefore took up his gun and returned to the kitchen where the confrontation and shooting occurred. It would have supported his testimony that Barnhouse actually attacked him, causing the pistol to fire. Edward's account was not uncontradicted. Therefore Dix's testimony, which would have supported Edward's testimony, was both relevant and material to the defense. Its exclusion was not harmless beyond a reasonable doubt.

In view of our decision with respect to the exclusion of Dix's testimony, which requires the reversal of the conviction, we do not reach the question of the sufficiency of the evidence.

For the foregoing reasons, the order of conviction is vacated and the case is remanded.

*Reversed and remanded.*

Barrow, J., and Cole, J., concurred.