COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


FELIPE LAYUG, III

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2332-05-1                        JUDGE LARRY G. ELDER
                                                        OCTOBER 2, 2007
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Joseph A. Leafe, Judge

            James P. Normile, IV (Zoby & Broccoletti, P.C., on brief), for
            appellant.

            Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Felipe Layug, III (appellant) appeals from his jury trial convictions for carjacking,

statutory burglary, attempted robbery, robbery, four counts of abduction, and eight counts of

using a firearm in the commission of a felony.  On appeal, he contends the court abused its

discretion in admitting evidence related to the subsequent killing of his accomplice, a crime

appellant did not commit but that apparently occurred while appellant and the accomplice

attempted a different robbery in another city a few hours later.  We hold the trial court did not

abuse its discretion by admitting the evidence of the accomplice's subsequent killing because

appellant challenged the Commonwealth's identification of him as one of the perpetrators of the

charged offenses, the evidence of the accomplice's death tended to prove appellant's identity as a

perpetrator of the charged offenses, and the challenged evidence was more probative than

prejudicial.  Thus, we affirm appellant's convictions.

────────────────────

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The evidence supported a finding that appellant and an accomplice, Anthony Hawkins, committed the charged crimes in Norfolk shortly after 10:00 p.m. on July 26, 2004. They fled the scene in a Chrysler Sebring taken from the possession of one of the victims. Shortly before midnight in the City of Newport News, appellant and Hawkins were involved in a shooting while traveling in the stolen Sebring, perhaps while attempting to commit an additional robbery. Hawkins apparently was shot in the course of that attempted robbery and died from his wounds.

Prior to appellant's trial in Norfolk for the instant offenses, he moved to exclude any evidence "pertaining to the alleged murder [in Newport News] of Anthony Hawkins," including "gruesome pictures" of Hawkins. He argued it was other crimes evidence for which no recognized exception applied or, even if an exception did apply, that the evidence of the murder was more prejudicial than probative. Appellant did not expressly contest the admission of evidence that he and Hawkins may have been engaged in another attempted robbery when the fatal shooting of Hawkins occurred. The Commonwealth responded that the evidence that Hawkins was shot in Newport News, which resulted in smears of Hawkins's blood being deposited in the Sebring, was admissible to prove Hawkins and appellant were in recent possession of the Sebring, which in turn was probative of appellant's guilt for the carjacking of the Sebring and the related home invasion robbery in Norfolk. The trial court agreed and denied the motion.

In a subsequent jury trial in which the Commonwealth introduced evidence relating to both the Norfolk and Newport News events, the jury found appellant guilty of all charged offenses that occurred in Norfolk. The trial court accepted the jury's recommendation of the minimum sentence for each offense and, additionally, suspended a portion of those sentences.

## II. ANANLYSIS[1]

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). The abuse-of-discretion standard applies to the admissibility of "photographs of [a] victim's body or wounds," even autopsy photographs, as long as the photographs "are relevant and material . . . [and] not unduly inflammatory." Edwards v. Commonwealth, 10 Va. App. 140, 142, 390 S.E.2d 204, 205 (1990).

Evidence of other crimes *committed by an accused* usually is incompetent and inadmissible to prove the accused likely committed the particular crime charged. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). This rule exists to prevent "confusion of offenses . . . and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (citations omitted). These principles apply not only to other crimes but to *any* "*independent acts*" likely to confuse the jury. Id. (emphasis added). We need not analyze in this case the precise limits of the "independent acts" that may be subject to these principles because, assuming without deciding the killing of appellant's accomplice by an unknown third party falls

---

[1] The Commonwealth contends any error in admitting evidence of Hawkins's murder was harmless. Appellant's only argument on brief, contends the Commonwealth, is that the jury's knowledge of Hawkins's murder adversely affected its decision regarding his sentence. As the Commonwealth accurately points out, however, the jury recommended sentencing appellant to the mandatory *minimum* term for each conviction. Thus, the record contains no indication that admission of evidence about Hawkins's murder had any adverse effect on appellant's sentences.

Nevertheless, appellant's brief also challenges the impact of the evidence at issue on his ability to "receive[] . . . a fair trial." Appellant's concession on brief that the record contained sufficient evidence to convict him without the questioned testimony and evidence does not amount to a concession that the admission of the evidence, if erroneous, was harmless in the guilt phase. See, e.g., Williams v. Commonwealth, 32 Va. App. 395, 400, 528 S.E.2d 166, 169 (2000) (en banc) (noting in context of constitutional error that "'harmless error analysis . . . [is not] simply a sufficiency of the evidence analysis'" (quoting Hooker v. Commonwealth, 14 Va. App. 454, 457-58, 418 S.E.2d 343, 345 (1992))). Thus, we consider on the merits whether the admission of the challenged evidence in the guilt phase constituted error.

into this category of potentially prejudicial "independent acts," we conclude, *infra*, that admission of evidence of the killing did not constitute reversible error on these facts. [2]

Other crimes or "independent acts" evidence may be admissible under limited circumstances, for example, "to prove any element of the offense charged [or] to show the motive, intent, or knowledge of the accused." Shifflett v. Commonwealth, 29 Va. App. 521, 529, 513 S.E.2d 440, 444 (1999).

> Where a course of criminal conduct is continuous and interwoven . . . , the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. *The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial*, . . . even though they may show the defendant guilty of other offenses.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (emphasis added). However, even where evidence is relevant to prove one of these issues, it is admissible only if the trial court, exercising its discretion, determines the probative value of the evidence outweighs any prejudicial effect. E.g. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

Where evidence of other crimes or "independent acts" is relevant to prove an element that is "genuinely uncontested, any nominal probative value will be easily outweighed by the danger of prejudice." Blaylock v. Commonwealth, 26 Va. App. 579, 592, 496 S.E.2d 97, 103 (1998). However, where an issue or element is contested, "the Commonwealth [is] not obliged to have

---

[2] Appellant did not object to the testimony at trial that Newport News police "identified multiple witnesses to an attempted robbery scenario." His only preserved objection was his pre-trial motion to exclude evidence of Hawkins's murder, which he described as "gruesome pictures, a lineup for a murder suspect and other related evidence of [the] murder." Appellant objected when the Commonwealth, in opening, referred to appellant's and Hawkins's driving to Newport News and deciding they were going to commit a robbery there. However, after stating that he objected, appellant's counsel approached the bench for a side-bar conference that was not transcribed, and the court overruled the objection without elaboration.

faith that the [fact finder] [will] be satisfied with any particular one or more of the items of proof." Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 696 (1993).

Where a particular piece of evidence is admissible for one purpose but not another, a limiting instruction may be appropriate to minimize the risk of prejudice, and the jury is presumed to have followed such an instruction, absent clear evidence to the contrary. Burley v. Commonwealth, 29 Va. App. 140, 147, 510 S.E.2d 265, 269 (1999); see also Powell v. Commonwealth, 13 Va. App. 17, 27-28, 409 S.E.2d 622, 628-29 (1991) (noting exception for evidence so prejudicial that jury cannot be expected to follow limiting instruction). However, where a defendant does not request a cautionary instruction and the Commonwealth does not rely on the evidence for an improper purpose, the issue has been waived, and we need not consider whether the trial court erred in failing to give a cautionary instruction. See McLean v. Commonwealth, 32 Va. App. 200, 216 n.1, 527 S.E.2d 443, 451 n.1 (2000).

Here, the evidence that Hawkins was shot and died in Newport News, obtained as a result of three telephone calls to Newport News police, was highly relevant to prove appellant and Hawkins were the perpetrators of the Norfolk offenses, including the carjacking. The first call, received less than two hours after the Norfolk offenses, concerned shots fired in an apparent "attempted robbery scenario" in Newport News and a man seen picking a body up out of the road and fleeing the scene with the body in a car resembling the Chrysler Sebring carjacked in Norfolk. The second call concerned a body found several miles away from the scene of the attempted Newport News robbery shortly thereafter and later identified as Hawkins. The third concerned an abandoned Chrysler Sebring, found in Newport News about twenty-four hours after the shooting, which contained the rental agreement bearing the name of one of the Norfolk abduction victims and was determined to be the carjacked vehicle. The car was also later determined, via DNA evidence, to have Hawkins's blood spattered throughout the interior.

This DNA evidence definitively linked Hawkins to the carjacked vehicle and, coupled with testimony from a witness who knew appellant and Hawkins personally and testified they were traveling together immediately before and after the shooting in a car that closely resembled the carjacked Sebring, this DNA evidence also linked appellant to the carjacked vehicle. As a result of this link, two victims of the Norfolk offenses were able to identify Hawkins and appellant as the perpetrators of those offenses. Thus, the evidence of Hawkins's shooting in Newport News was highly probative of appellant's identity as one of the perpetrators of the Norfolk offenses, an element challenged by appellant throughout his trial.

Further, the record supports a finding that the probative value of this evidence outweighed any claim of prejudice. The Commonwealth introduced a single photograph of Hawkins taken during his subsequent autopsy rather than at the scene of his murder. The photograph depicted only Hawkins's face and head, which was necessary to allow the Commonwealth's witnesses to identify Hawkins for the purpose of linking him and appellant to the charged offenses. Although the photograph shows what appears to be a bullet wound in Hawkins's forehead, the wound also appears to have been cleaned before the photograph was taken, and the photograph shows only a small amount of blood. No evidence in the record indicates appellant was the person who shot Hawkins, and the Commonwealth made no argument to that effect. The Commonwealth also did not attempt to use evidence that Hawkins's death might have occurred during the attempted commission of another robbery to argue improperly that appellant had a propensity to commit such crimes.

To the extent the Commonwealth may have suggested in argument that appellant was indirectly responsible for Hawkins's death based on his and Hawkins's joint participation in a two-man "crime wave" that started in Norfolk and ended in Newport News "after five victims and one dead person later," the record contains no indication that appellant contemporaneously

objected to these comments on the grounds alleged on appeal.[3]  Although appellant moved prior to trial to exclude all evidence related to Hawkins's death, the trial court, as previously discussed, did not abuse its discretion in admitting this evidence as probative of the identity of appellant as one of the perpetrators.  Further, the record contains no indication that appellant objected to what it now terms the Commonwealth's repeated references to Hawkins as a "dead person" or "the deceased."  Assuming appellant would have been entitled, in his trial for the offenses against the four Norfolk victims, to an instruction cautioning the jury not to consider any responsibility they might feel appellant had in Hawkins's death in Newport News, appellant made no contemporaneous request for a cautionary instruction.  Thus, he failed to preserve such a claim for appeal.  In any event, the Commonwealth's repeated statements to the jury that appellant was not on trial for any of the events that occurred in Newport News served much the same purpose.

## III.

For these reasons, we hold the trial court did not abuse its discretion in admitting the challenged evidence of the killing of appellant's accomplice.  Thus, we affirm the convictions.

Affirmed.

---

[3] See supra note 2.