COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia

PUBLISHED

DANIEL GORDON ANDERSON

OPINION BY
v.        Record No. 1228-17-1        JUDGE TERESA M. CHAFIN
NOVEMBER 6, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Daniel Gordon Anderson was convicted of voluntary manslaughter at the conclusion of a

jury trial held in the Circuit Court of the City of Virginia Beach. On appeal, Anderson contends

that the circuit court erred by refusing to admit part of the victim's prior criminal record into

evidence. Anderson maintains that the excluded portion of the victim's criminal record was

admissible to support his claim of self-defense. For the following reasons, we affirm Anderson's

conviction.

I.  BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the pertinent

evidence is as follows.

Anderson and the victim were next-door neighbors. Shortly after Anderson moved to the neighborhood, he began having an affair with the victim's wife. On the evening of September 3, 2016, Anderson and the victim got into a fight outside of their homes. Anderson stabbed the victim three times during the altercation, inflicting a fatal wound to the victim's chest and lung.

Anderson was charged with second-degree murder of the victim. Anderson maintained that he stabbed the victim in self-defense after the victim attacked him, grabbed his throat, and began choking him. Before his trial, Anderson requested the circuit court to permit the introduction of ten of the victim's prior criminal charges and convictions into evidence. These charges and convictions included:

(1) a 1996 dismissed charge of "Assault Against Family/Household Member;"

(2) a 1996 conviction of "Brandishing a Firearm;"

(3) a 1997 dismissed charge of "Assault;"

(4) a 1998 conviction of "Carrying Concealed Weapon;"

(5) a 1999 dismissed charge of "Assault;"

(6) a 1999 conviction described as "Robbery reduced to Misdemeanor Larceny;"

(7) a 1999 conviction of "Felony Carrying Concealed Weapon—2nd Offense;"

(8) a 2013 conviction of "Assault Against Family/Household Member;"

(9) a 2012 conviction of "Driving While Intoxicated;" and

(10) a 2012 conviction of "Drunk In Public."[1]

Anderson argued that these charges and convictions were relevant to his self-defense claim because they established the victim's propensity to engage in "violent or turbulent" conduct. While Anderson acknowledged that some of the charges had been dismissed, he

---

[1] Anderson did not present the relevant court orders pertaining to the charges and convictions at issue. Rather, he provided the circuit court with a prepared list referencing these charges and convictions.

maintained that the victim's numerous arrests implied that the victim was a violent individual. The Commonwealth agreed that the victim's 2013 assault conviction and his 1996 conviction of brandishing a firearm were relevant to Anderson's self-defense claim. However, the Commonwealth objected to the admission of the remaining charges and convictions because they failed to demonstrate that the victim had previously behaved in a violent manner.

The circuit court concluded that the victim's dismissed charges were inadmissible. Although the circuit court explained that a witness could testify about the specific conduct underlying the dismissed charges, it refused to admit the dismissed charges in the absence of additional evidence establishing their foundation. The circuit court also concluded that the victim's larceny conviction was inadmissible without additional evidence establishing the circumstances leading to the original robbery charge. The circuit court deferred ruling on the remaining charges and convictions until further evidence was presented at trial.

At the conclusion of the Commonwealth's case-in-chief, the circuit court determined that the victim's 2012 convictions for driving while intoxicated and public intoxication were relevant and admissible. The circuit court then concluded that the evidence failed to establish a sufficient foundation to support the admission of the victim's 1998 and 1999 concealed weapon convictions. By stipulation, Anderson presented a list of the admitted charges and convictions to the jury (i.e., the victim's 2013 assault conviction, his 1996 brandishing a firearm conviction, and his 2012 driving while intoxicated and public intoxication convictions).

Throughout Anderson's trial, additional evidence was admitted regarding the victim's violent and turbulent behavior. The victim's wife described him as a "miserable, nasty drunk" who drank a liter of Wild Turkey liquor every day. A neighbor testified that the victim could be "aggressive" and that he would fight over his "girls" if someone instigated an altercation. Several witnesses testified that the victim drank alcohol throughout the evening of September 3,

2016, and the victim's autopsy report indicated that his blood alcohol content was 0.157% at the time of his death.

Anderson testified about a previous altercation that he had with the victim over Anderson's treatment of his ex-girlfriend. During the altercation, the victim grabbed Anderson and tried to pull him out of a parked car. The victim then "got in [Anderson's] face" and threatened him. When Anderson walked away from the victim, the victim followed him through the neighborhood wielding a knife. The victim continued to threaten Anderson as he followed him, and he "swore up and down he would have [Anderson] disposed of."

At the conclusion of Anderson's trial, the jury convicted him of voluntary manslaughter. Anderson timely appealed his conviction to this Court.

## II. ANALYSIS

On appeal, Anderson contends that the circuit court erred by refusing to admit all of the criminal charges and convictions at issue into evidence. Anderson maintains that the excluded charges established the victim's propensity to engage in violent or turbulent behavior, and therefore, were relevant to his claim of self-defense. Anderson argues that the "sheer number" of the victim's charges and convictions established his violent and turbulent character. Anderson also argues that each of the victim's charges and convictions was "relevant and probative in its own right." We disagree with Anderson's argument.

Virginia Rule of Evidence 2:404(a)(2) establishes the admissibility of "evidence of a pertinent character trait or acts of violence by the victim of [a] crime offered by an accused who has adduced evidence of self defense." "'[W]here an accused adduces evidence that he acted in self-defense, evidence of specific acts is admissible to show the character of the decedent for turbulence and violence, even if the accused is unaware of such character.'" Carter v. Commonwealth, 293 Va. 537, 546, 800 S.E.2d 498, 503 (2017) (quoting Barnes v.

- 4 -

Commonwealth, 214 Va. 24, 25, 197 S.E.2d 189, 190 (1973)).  "[E]vidence of prior acts of violence by the victim is relevant as bearing on the reasonable apprehension which the defendant may have experienced and on the likelihood of the victim's aggressive behavior as claimed by the defendant."  Luck v. Commonwealth, 30 Va. App. 36, 43, 515 S.E.2d 325, 328 (1999) (quoting Edwards v. Commonwealth, 10 Va. App. 140, 142, 390 S.E.2d 204, 206 (1990)).

Evidence pertaining to the victim's prior acts of violence, however, must be "sufficiently connected in time and circumstances . . . as to be likely to characterize the victim's conduct toward the defendant."  Carter, 293 Va. at 546-47, 800 S.E.2d at 503 (quoting Barnes, 214 Va. at 25, 197 S.E.2d at 190).  "[T]he test is whether the evidence of prior character is so distant in time as to be void of real probative value in showing present character."  Id. at 547, 800 S.E.2d at 503 (quoting Barnes, 214 Va. at 25, 197 S.E.2d at 190).

In general, "we review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion."  Id. at 543, 800 S.E.2d at 501 (quoting Avent v. Commonwealth, 279 Va. 175, 197, 688 S.E.2d 244, 256 (2010)).  "When a defendant alleges that he acted in self-defense, 'the number of specific acts of violence of the . . . victim which might be introduced [is] a matter within the sound discretion of the trial court.'"  Id. at 547, 800 S.E.2d at 503 (quoting Burford v. Commonwealth, 179 Va. 752, 767, 20 S.E.2d 509, 515 (1942)).  "In evaluating whether a trial court abused its discretion, . . . we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action."[2]  Id. at 543, 800 S.E.2d at 501 (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)).

---

[2] "The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions."  Carter, 293 Va. at 543-44, 800 S.E.2d at 501 (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)).

In this case, the circuit court admitted four of the victim's prior convictions and excluded six other instances of alleged misconduct. The excluded charges and convictions occurred between seventeen and twenty years before the commission of the present offense. Moreover, the excluded charges and convictions did not establish that the victim had previously behaved in a violent manner.

Standing alone, the dismissed assault charges from 1996, 1997, and 1999 failed to establish any violent or turbulent behavior from the victim. The charges could have been dismissed for a variety of reasons. The victim may not have been the perpetrator of the assaults at issue, or he may have been acting in self-defense. See Jordan v. Commonwealth, 216 Va. 768, 773, 222 S.E.2d 573, 577-78 (1976) (affirming the exclusion of testimony regarding a prior stabbing when the record failed to establish that the victim was the perpetrator of the stabbing or that he was the aggressor in the altercation).

Although the circuit court explained that a witness could testify about the circumstances underlying the dismissed assault charges, Anderson failed to call a witness to testify about the conduct underlying the charges or provide other evidence establishing the foundation of the charges at issue. Instead, Anderson relied solely on a document he prepared that merely listed the prior assault charges and indicated that they had been dismissed. Thus, the circuit court was left with a bare allegation of criminal conduct that failed to demonstrate the victim's propensity to engage in violent or turbulent behavior. See Luck, 30 Va. App. at 45, 515 S.E.2d at 329 ("[I]n the absence of a proffer of evidence of the basis for [the victim's] conviction, we fail to see how the bare conviction order is evidence of [the victim's] prior violent or turbulent behavior.").

For similar reasons, the victim's 1999 larceny conviction also failed to establish that he previously engaged in violent or turbulent conduct. Although the victim was initially charged with robbery, he was ultimately convicted of a larceny offense. While robbery is a crime that

involves actual or threatened violence, see, e.g., Jones v. Commonwealth, 218 Va. 18, 21, 235 S.E.2d 313, 315 (1977), larceny offenses do not necessarily involve violent conduct, see, e.g., Carter v. Commonwealth, 280 Va. 100, 104-05, 694 S.E.2d 590, 593 (2010). The victim could have been convicted of larceny instead of robbery because he did not unlawfully acquire the property at issue through the use of violence. Without additional evidence establishing the circumstances underlying the initial robbery charge, the victim's larceny conviction did not establish that he previously acted in a violent manner.

The victim's 1998 and 1999 concealed weapon convictions also failed to establish his propensity to engage in violent or turbulent conduct. Code § 18.2-308 prohibits an individual from carrying certain types of weapons "about his person, hidden from common observation." The act of simply carrying a concealed weapon does not involve an act of violence, and Anderson failed to present any evidence suggesting that his concealed weapon convictions involved violent conduct. See Luck, 30 Va. App. at 45, 515 S.E.2d at 329 (affirming the exclusion of a victim's prior conviction of recklessly handling a firearm in the absence of evidence establishing that the conviction involved violent behavior).

We note that the excluded charges and convictions were somewhat cumulative of additional evidence presented at Anderson's trial. The victim's 2013 assault conviction, his 1996 brandishing a firearm conviction, and his 2012 driving while intoxicated and public intoxication convictions were admitted into evidence and presented to the jury. Additional evidence established that the victim was an aggressive alcoholic who previously threatened Anderson with a knife. Furthermore, the evidence implied that the victim was infuriated with Anderson on the night of the stabbing because he had recently learned of the affair between Anderson and his wife. In light of this evidence, the admission of the charges and convictions at issue would not have significantly added to Anderson's defense.

In summary, we conclude that the circuit court did not abuse its discretion by refusing to admit the charges and convictions at issue into evidence. As the excluded charges and convictions failed to demonstrate the victim's propensity to engage in violent or turbulent conduct, they were not relevant to Anderson's self-defense claim. Furthermore, the circuit court admitted several of the victim's prior convictions into evidence, and additional evidence established the victim's propensity for violence.

## III. CONCLUSION

For the reasons stated, we affirm Anderson's conviction.

<u>Affirmed.</u>