THORNTON *v.* STATE.

(In Banc. April 28, 1941. Suggestion of Error Overruled May 26, 1941.)

[1 So. (2d) 778. No. 34348.]

M. Ney Williams and John Williams, both of Raymond, for appellant.

Hilton & Kendall, of Jackson, for appellant.

**A. M. Byrd**, Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant appeals from a judgment of conviction for assault and battery with intent to kill and murder. The evidence, the details of which need not be rehearsed, discloses that an altercation occurred between defendant and the prosecuting witness in front of the latter's home. The defendant fired six shots from a pistol and the prosecuting witness fired twice with a shotgun. Had the prosecution been based upon any act committed during this encounter, there would have arisen serious conflicting issues as to aggression, self-defense and motive. However, the evidence shows without substantial dispute that when the prosecuting witness had emptied his gun he fled from the scene, and while fleeing, the defendant took up a shotgun and shot him twice in the back. Errors assigned include refusal of the trial court to grant appellant a peremptory instruction. We shall direct our attention to this contention, since we find no substantial error in the giving or refusal of the other instructions.

Since justification for the shooting is based upon self-defense, it is well to stress that such plea may be sustained only when the defendant, acting as a reasonable and prudent man under the particular circumstances, is justified in concluding that such course is necessary in order to protect himself against death or great bodily harm at the hands of his assailant. Actual danger may

not in fact exist. A reasonable apprehension must exist. The jury was warranted in concluding that the shooting of even an erstwhile assailant in the back was more consistent with reprisal than with necessity. Nor should we by reversal repudiate a verdict which must have taken into account that the danger of great bodily harm at the hands of a fleeing victim could not be apparent even to distorted reason.

It may be that an unconscious deference to traditional affectations of chivalry has influenced our courts in recognizing some recession from the requirement of the common law that one assailed must "retreat to the wall" before asserting his right to self-defense. Our law does not require flight by one assailed. Yet the law may not ignore the significance of the salutary procedure by which the prosecuting witness, his weapon useless, sought in a discreet gesture of self-effacement to deprive the occasion of its status as a mutual combat by thus reducing the number of its participants below the workable minimum. If a sound discretion suggested such course, the isolation thus effected had a double aspect. Defendant's right of self-defense disappeared along with his intended victim. The right of self-defense is coterminous with reasonably apparent necessity.

It is true that defendant contends that he suspected the other of seeking some haven of advantage from which to renew the combat. The jury evidently found this assumption unwarranted, especially in view of the conflict in the testimony as to whether the prosecuting witness retained his weapon as he ran.

The jury must have found that, regardless of whether the final shooting for which alone the defendant was indicted and convicted was explicable as an act of vengeance, it was not justifiable as an act of reasonable necessity. It was not error to refuse the peremptory instruction requested by the defendant.

Affirmed.