KING, PRESIDING JUSTICE, DISSENTING:
 

 ¶28. David Stanfield presented testimony that, because he was in fear of bodily harm, he temporarily possessed a weapon out of necessity. Therefore, the trial court's decision to grant a necessity instruction while also instructing the jury that self-defense is not a defense to a charge of felon in possession of a firearm denied David Stanfield's fundamental right to assert his lawful defense. Accordingly, I dissent.
 

 ¶29. The standard of review for the grant or denial of jury instructions is abuse of discretion.
 
 Newell v. State
 
 ,
 
 49 So. 3d 66
 
 , 73 (Miss. 2010). When reviewing jury instructions, "[t]he instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found."
 

 Id.
 

 at 73
 
 (quoting
 
 Rubenstein v. State
 
 ,
 
 941 So. 2d 735
 
 , 785 (Miss. 2006) ). "[E]very accused has a fundamental right to have her theory of the case presented to a jury, even if the evidence is minimal.... This Court will never permit an accused to be denied this fundamental right."
 
 Chinn v. State
 
 ,
 
 958 So. 2d 1223
 
 , 1225 (Miss. 2007) (internal quotation marks omitted) (quoting
 
 O'Bryant v. State
 
 ,
 
 530 So. 2d 129
 
 , 133 (Miss. 1988) ).
 

 ¶30. The trial court gave a defense-of-necessity instruction, Instruction C-7, which stated,
 

 A defense to being a felon in possession of a firearm may occur when the Defendant acts out of necessity.
 

 In order to be entitled to a defense of necessity, the Defendant must prove the following: (1) the act charged was done to prevent a significant evil, (2) there was no adequate alternative, and (3) the harm caused was not disproportionate to the harm avoided.
 

 However, the trial court also gave Instruction S-6, which stated,
 

 The Court instructs the jury that self-defense is not a viable defense to possession of a firearm by a convicted felon.
 

 ¶31. Therefore, the trial court simultaneously instructed the jury that Stanfield legally may have possessed a firearm out of necessity but that self-defense could not be a part of that necessity. I would find that both jury instructions conflicted, caused confusion, created an injustice, and denied Stanfield his right to present his defense. I do not disagree with the majority's statement that self-defense and necessity are separate legal defenses. However, although self-defense is a separate
 
 legal
 
 defense, the concept of the defense of oneself is a valid part of the necessity defense, just as reasonable necessity is an underlying part of the legal defense of self-defense.
 
 See
 

 Thornton v. State
 
 ,
 
 191 Miss. 407
 
 ,
 
 1 So. 2d 778
 
 , 779 (1941) (This Court previously has stated that "[t]he right of self-defense is coterminous with reasonably apparent necessity.").
 
 [2]
 

 ¶32. The necessity instruction provided that Stanfield must prove that "the act charged was done to prevent a significant evil." Stanfield stated that when he walked into the kitchen, Terence pulled out a gun and demanded money. Stanfield then wrestled for the gun and the gun went off. Therefore, self-defense was the underlying part of the necessity of possessing a weapon.
 
 See
 

 Humphrey
 
 , 553 S.E.2d at 554 (emphasis added) ("The evidence, viewed in the light most favorable to appellant, supported a necessity instruction because it established that appellant's possession of the shotgun on December 29, 1999 was for the purpose of
 
 justifiable self-defense
 
 ...."). However, the trial court instructed the jury that self-defense could not be a viable defense to possession of the firearm. Therefore, when read as a whole, the jury instructions excluded the possibility that Stanfield possessed a firearm out of necessity to prevent bodily harm to himself. This denied Stanfield his fundamental right to assert his defense.
 

 ¶33. Stanfield's theory of defense was that he was in fear of bodily harm, thus, out of necessity, he temporarily possessed a firearm to defend himself. Because self-defense is an interrelated concept with the defense of necessity, instructing the jury that the defendant may have lawfully possessed a firearm out of necessity while also giving the instruction that self-defense is not a defense to the charge was hopelessly confusing. When looking at the jury instructions as a whole, the conflicting instructions created an injustice to Stanfield and denied Stanfield his fundamental right to assert his lawful defense. Accordingly, I would find that the trial court abused its discretion in granting both instructions and would reverse Stanfield's conviction and remand for a new trial.
 

 KITCHENS, P.J., JOINS THIS OPINION.
 

 See also
 

 Humphrey v. Commonwealth
 
 ,
 
 37 Va.App. 36
 
 ,
 
 553 S.E.2d 546
 
 , 552 (2001) (emphasis added) ("As set out above, the essential elements of the necessity defense, which allows a convicted felon to possess a firearm for
 
 self-defense
 
 ....");
 
 State v. Padilla
 
 ,
 
 164 P.3d 765
 
 , 772 (Haw. Ct. App. 2007),
 
 corrected
 
 (Aug. 16, 2007) ("In felon-in-possession cases, the distinctions between the common law defenses of duress, necessity, and self-defense are regarded as immaterial, and the modern trend is to lump these defenses together under the generic rubric of 'justification.' " (citations omitted));
 
 McGhee v. Commonwealth
 
 ,
 
 219 Va. 560
 
 ,
 
 248 S.E.2d 808
 
 , 810 (1978) (emphasis added) ("The law of self-defense
 
 is
 
 the law of necessity....").